# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3015

_____

United States of America,      *

                *

         Appellee,      *

                *     Appeal from the United States

     v.                *     District Court for the

                *     Eastern District of Missouri.

Clyde Barrett,         *

                *     [UNPUBLISHED]

         Appellant.     *

_____

Submitted: May 6, 2005
Filed: May 24, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Clyde Barrett challenges the sentence imposed by the district court[1] upon his guilty plea to possessing cocaine base with intent to distribute and possessing a firearm in relation to a drug-trafficking crime. The district court sentenced Barrett to 5 years imprisonment on the drug count, a consecutive 5-year term of imprisonment on the firearm count, and concurrent terms of 5 years supervised release. His counsel has filed a brief and moved to withdraw pursuant to Anders v.

_____

[1] The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

California, 386 U.S. 738 (1967), and Barrett has not filed a pro se supplemental brief.

Barrett pleaded guilty pursuant to a plea agreement that included a waiver of the right to appeal all nonjurisdictional issues. We enforce this appeal waiver, because it was made knowingly, and no miscarriage of justice would result. Barrett indicated that his plea was voluntary and knowing, and the district court also discussed the appeal waiver with Barrett at the plea hearing. This appeal falls within the scope of the waiver; and Barrett's sentence was mandated by statute and is consistent with the plea agreement. See United States v. Andis, 333 F.3d 886, 889-91 (8th Cir.) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result), cert. denied, 540 U.S. 997 (2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues falling outside the scope of the appeal waiver. Accordingly, we dismiss the appeal and grant counsel's motion to withdraw.

_____